Citation Nr: 1448525 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 07-31 012A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a bilateral knee disorder, to include as due to undiagnosed illness. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

H. Hoeft, Counsel



INTRODUCTION

The Veteran has verified active duty service in the United States Army from June 1968 to June 1971 and from January 1991 to May 1991, with additional unverified service in the Army Reserve. Official service personnel records confirm the Veteran served in the Southwest Asia theater of operations from January 1991 to May 1991 and is thereby a Persian Gulf Veteran.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions issued in December 1992 by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which denied entitlement to the benefit currently sought on appeal.

In June 2013, the Board denied the claim for service connection for a bilateral knee disorder. In this decision, the Board also remanded the issues of entitlement to service connection for hypertension and entitlement to special monthly compensation based on the need for aid and attendance of another person or on account of being housebound. 

With respect to the bilateral knee claim only, however, the Veteran appealed the Board's June 2013 denial of this claim to the United States Court of Appeals for Veterans Claims Court) which, by Order dated May 2014, granted a Joint Motion for Remand (JMR), thereby vacating that part of the June 2013 decision that denied the claim of entitlement to service connection for a bilateral knee disorder, to include as due to undiagnosed illness. 

In a September 2013 decision, the Board denied the claim of entitlement to service connection for hypertension, and dismissed the claim relating to SMC. Accordingly, those issues are no longer before the Board. (Note: the Veteran did not appeal these issues to the Court).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Pursuant to the April 2014 JMR, the parties agreed that the Board erred when it relied upon an inadequate VA Medical examination to deny the claim for a bilateral knee disability. 

Specifically, in its June 2013, decision, the Board determined that the August 2010 VA examination report was "thorough and complete," because "the opinions expressed were based on the Veteran's reported history and review of the claims file." The Board denied the Veteran's claim, in part, based on its finding that there was "no evidence of a currently diagnosed disability manifested by bilateral knee pain that is related to active military service or events therein." See BVA Decision, June 2013. 

However, upon review of the August 2010 VA examination report, the parties agreed that VA examiner's opinion was unclear and therefore inadequate. 

Indeed, the Board's July 2010 remand directives instructed the VA examiner to opine as to whether any current disability manifested by bilateral knee symptomatology was at least as likely as not (probability of 50 percent or greater) incurred in or aggravated by active military service. The August 2010 VA examiner opined: "It is less likely than not caused by or a result of service because he was treated for a knee condition within a year of separation from service." 

In its analysis of the August 2010 VA opinion, the Board determined that the VA examiner opined that the Veteran had not been treated within a year of separation from service, explaining that "the examiner concluded that it was less likely than not that the bilateral knee disability was caused or a result of service because the Veteran was not treated for a knee condition within a year of separation from service." The Board then noted that while the VA opinion "indicated that the Veteran was treated for a knee condition within a year of separation from service, [it] clearly was a typographical error based on the Veteran's treatment history discussed at extensive length earlier in the examination report." However, in its analysis of the claim, the Board also expressly acknowledged that "[t]he Veteran sought treatment for intermittent bilateral knee pain in April 1992..." The parties thus agreed that the Board's assessment of the VA examiner's opinion was undermined by its earlier discussion of treatment for intermittent bilateral knee pain in April 1992. In this regard, the Board notes that the record does contain an April 1992 private treatment record which documents complaints of knee pain and a diagnosis of bilateral patellar tendonitis, patellofemoral syndrome, patella atla. Notably, the Veteran separated from service less than one year prior, in May 1991. 

Given the above, the parties agreed that there was an internal conflict within the August 2010 VA examination report because it could not be discerned from the record if the examiner considered the April 1992 assessment of bilateral patellar tendonitis, patellofemoral syndrome, patella atla, in rendering his opinion, where such diagnoses were provided within a year of the Veteran's separation from service in May 1991. 

Further, if the VA examiner did, indeed, consider the April 1992 treatment record when rendering the opinion, the parties agreed that it was unclear from the opinion why such treatment within one year of separation from service would support the VA examiner's determination that the bilateral knee disability was less likely than not caused or by the result of service. 

When VA provides a Veteran a medical examination or opinion, the Secretary must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). In this case, for the reasons outlined immediately above, the August 2010 VA opinion is inadequate. As such, an addendum opinion must be obtained upon remand. 


Accordingly, the case is REMANDED for the following action:

1. Refer the claims file and a copy of this REMAND to the August 2010 VA examiner for an addendum to the opinion. If the examiner is unavailable, or if the examiner deems it necessary, schedule the Veteran for an appropriate VA joints examination to address the etiology of his bilateral knee disability. The claims folder must be provided to the examiner for review. All necessary testing should be conducted.

The examiner should clarify whether it is at least as likely as not that any currently diagnosed bilateral knee disability, to include bilateral knee patellafemoral syndrome and/or degenerative joint disease, had its clinical onset in service or within the first post service year (i.e., arthritis) or is otherwise related to any period of active service, to specifically include active duty service in the Persian Gulf in 1991. 

In answering the above, the examiner should reconcile any previous opinions of record (i.e., the August 2010 VA opinion), and note: (1) the April 1992 private treatment record, which documents complaints of knee pain and a diagnosis of bilateral patellar tendonitis, patellofemoral syndrome, patella atla; (2) the VA examination report in June 1992 VA examination, which documents complaints of recurrent bilateral knee pain; (3) the December 1992 military separation examination (conducted subsequent his May 1991 separation), which notes bilateral knee problems; (4) the December 1992 private treatment record noting prior treatment for bilateral knee pain and a diagnosis of non-specific knee pain; (5) the November 1993 private treatment record, which includes complaints of fairly constant bilateral knee pain that prevented running and a diagnosis of non-specific synovitis; (6) the February 1994 private treatment record which indicates that until several months previously, the Veteran had run from 16 to 19 miles per week and examination consistent with patellofemoral dysfunction; and (7) the Veteran's competent statements concerning onset of knee symptomatology during active duty service in the Persian Gulf in 1991. 

Any opinion expressed by the VA examiner should be accompanied by a complete rationale. If the VA examiner is unable to offer an opinion without resorting to speculation, a thorough explanation as to why an opinion cannot be rendered should be provided.

2. Thereafter, the Veteran's claim should be readjudicated based on the entirety of the evidence. Such should be considered on both a direct basis and due to an undiagnosed illness. If the claim remains denied, the Veteran and his attorney should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
WANYE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).